# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCMORROW, et al.,<br><br>                  Plaintiffs,<br><br>    v.<br><br>MONELEZ INTERNATIONAL, INC.,<br><br>                  Defendant. | Case No. 17-cv-2327-BAS-JLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**[ECF No. 25]** |

Presently before the Court is Plaintiffs' Motion for Leave to Amend Complaint, ("Mot.," ECF No. 25). Also before the Court is Defendant's opposition to the Motion, (ECF No. 28), and Plaintiffs' reply in support of the Motion, (ECF No. 29). The Court finds this Motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **DENIES** Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs Patrick McMorrow and Marco Ohlin filed a complaint against Defendant Mondelez International, Inc. in November 2017. (ECF No. 1.) Plaintiffs alleged they were deceived into buying Defendant's belVita Breakfast Products (the "Products") and alleged violations of the Consumer Legal Remedies Act, Unfair

Competition Law, and False Advertising Law, as well as breaches of express and implied warranties. Defendant filed a motion to dismiss. (ECF No. 7.) Before the Court ruled on the motion, Plaintiffs filed an amended complaint, which added Melody DiGregorio as a Plaintiff and alleged violations of various California and New York laws. (ECF No. 13.) Defendant moved to dismiss the amended complaint. (ECF No. 15.) The Court granted in part and denied in part Defendant's motion. (ECF No 23.)

In the order, the Court analyzed whether Plaintiffs' claims were preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"). As relevant here, the Court analyzed Plaintiffs' "fiber" claims, which centered on the following advertising statements: "a nutritious, convenient breakfast choice that contains slow-release carbs from wholesome grains to help fuel your body for 4 hours" "Power up People," "Enjoy belVita Breakfast Biscuits as part of a balanced breakfast with a serving of low-fat dairy and fruit," "specifically baked to release energy regularly and continuously to fuel your body throughout the morning," and "satisfying morning energy to start your day off right." The Court noted the FDCA preempts three types of labeling claims (or statements): express nutrient content claims, implied nutrient content claims, and health claims. (*Id.* at 10.) An implied nutrient content claim "must either suggest (1) a nutrient is absent or present in a food 'in a certain amount (e.g. "high in oat bran")' or (2) a food helps 'maintain[] healthy dietary practices' and is made along with 'an explicit claim or statement about the nutrient (e.g. "healthy, contains 3 grams (g) of fat").'" (*Id.* at 14 (quoting 21 C.F.R. § 101.13(b)(2)(i), (ii)).) The Court found Plaintiffs' fiber claims were implied-nutrient content claims and implied "that the Products contain a high enough amount of fiber from whole grains to last four hours." (*Id.*) Therefore, the fiber claims were preempted by the FDCA.

The Court granted the motion to dismiss Plaintiffs' fiber claims without leave to amend. (*Id.* at 28.) The Court granted the motion to dismiss Plaintiffs' warranty

claims with leave to amend and permitted Plaintiffs to file a second amended complaint. Plaintiffs then filed a second amended complaint. Five days after doing so and before Defendant could file a responsive pleading, Plaintiffs filed the present motion seeking leave to file a third amended complaint.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.; DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no

set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).

## III. ANALYSIS

Plaintiffs seek leave to add new claims to their complaint: "allegations that the 'high' fiber claim violates applicable food labeling regulations, which are actionable under California's and New York's consumer protection statutes." (Mot 1.) In sum, Plaintiffs allege the Court found in its prior order that Defendant's advertising statements make "a 'high' fiber claim." (*Id.* at 4.) Given this, Plaintiffs allege "the Products fail to make the required total fat disclosure and fail meet the requirements for a 'high' fiber claim" per federal code regulations. (*Id.*) Therefore, Plaintiffs request "leave to amend to add additional allegations of these violations." (*Id.*) Plaintiffs allege the proposed amendment is a "natural consequence[] of accepting the Court's finding." (*Id.* at 5.)

Defendant's response is two-fold: (1) Plaintiffs offer no compelling reason to file a fourth complaint; and (2) Plaintiffs' proposed amendments are futile. As to Defendant's first argument, a plaintiff need not offer a "compelling reason" to amend a complaint. Instead, the Court must look for evidence of bad faith, undue delay, prejudice to the defendant, futility of the amendment, and whether the plaintiff has previously amended the complaint. *Johnson*, 356 F.3d at 1077 (9th Cir. 2004). The Court finds no evidence of undue delay or bad faith. Although the Court finds it strange that Plaintiffs filed their second amended complaint and immediately moved to file another amended complaint, (rather than simply move to amend before filing

at all), this is not evidence of bad motive. Nor is there evidence of a repeated failure to cure deficiencies through prior amendments because Plaintiffs seek to add a brand new allegation that the Court has not yet analyzed. Further, Defendant will not be prejudiced by the amendment because Defendant will be required to respond to the operative complaint, regardless of which version that may be.

The Court now turns to futility. Plaintiffs' proposed amendment centers on 21 C.F.R. § 101.54(b) and (d)(1)–(2). (Mot. 3.) Under section (b), the term "high" may be used on a food label if the food contains twenty percent or more of the Reference Daily Intake or the Daily Reference Value per reference amount customarily consumed. 21 C.F.R. § 101.54(b). Under subsection (d), if a food label claims the food is "high in fiber" and the food is not "low" in fat, then the label "shall disclose the level of total fat per labeled serving." *Id.* § 101.54(d)(1). Plaintiffs allege Defendant's Products do not meet the requirements of a "high" fiber claim because they do not contain twenty percent of the Daily Reference Value of fiber. (Mot 4.) Plaintiffs also allege the Products do not make the required total fat disclosure. (*Id.*)

Defendant argues Plaintiffs' amendment would be futile because 21 C.F.R. § 101.54 only applies if the claim explicitly states the product is "high" in fiber, not if a claim or statement only suggests it. (Opp'n 5.) Defendant cites a few cases, one being *Coe v. General Mills, Inc.*, No. 15-cv-5112-TEH, 2016 WL 4208287 (N.D. Cal. Aug. 10, 2016). There, the court rejected the argument that the use of the name "Cheerios Protein" is the same as advertising the Cheerios contained a "good source" of protein. 2016 WL 4208287, at *4. Therefore, the regulation under 21 C.F.R. § 101.54(c) (which comes into play if the food advertises it contains a "good source" of something) does not apply. "The regulation governing such claims applies only to the use of the words 'good source,' 'contains,' or 'provides'—none of which is present here." *Id.* (citing 21 C.F.R. § 101.54(c).)

The Court agrees with this reasoning. Simply because the Court found Defendant's advertising statements imply the Products are high in fiber does not

trigger Defendant to advertise or label the Products as "high" in fiber nor follow any rules related to this.  In its prior order, the Court specifically stated Defendant's statement "suggests the Products include a high amount of fiber," (ECF No. 23, at 15), and this is not the same as a finding that Defendant does or should advertise the Products as "high" in fiber per the code.  The Products do not even advertise they contain any fiber, so there is certainly no requirement that the label quantify the amount of fiber the Products contain.  This follows the plain meaning of the language of the code, which says: The term "'high' . . . may be used on the label . . . provided that the food contains" the required amount of the nutrient. 21 C.F.R. § 101.54(b)(1). Subsection (d) provides, "If a nutrient content claim is made with respect to the level of dietary fiber . . . ." then certain labeling requirements must be met.  *Id.* § 101.54(d)(1) (emphasis added).  The code does not state that a Product must advertise it contains a "high" level of fiber and follow other requirements if it indeed contains fiber.  Therefore, Plaintiffs' proposed amendment which would allege a labeling violation under 21 C.F.R. § 101.54 is futile.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Amend. (ECF No. 25.)  As stipulated, Defendant shall file a responsive pleading to the operative complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

**DATED: October 17, 2018**

Hon. Cynthia Bashant
United States District Judge

– 6 –

17cv2327