**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK MCMORROW, *et al.*,<br><br>                  Plaintiffs,<br><br>  v.<br><br>MONDELĒZ INTERNATIONAL, INC.,<br><br>                  Defendant. | Case No. 17-cv-2327-BAS-JLB<br><br>**ORDER:**<br>  (1) **GRANTING PLAINTIFFS' MOTION TO SEAL**<br>  (2) **GRANTING DEFENDANT'S MOTION TO SEAL**<br>  (3) **GRANTING IN PART PLAINTIFFS' MOTION TO SEAL**<br><br>**[ECF No. 71, 84, 103]** |

Presently before the Court are three motions by the parties to file documents under seal. (ECF Nos. 71, 84, 103.) The Court analyzes each motion in turn.

**I.    LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.

2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II. ANALYSIS

The parties seek to seal portions of motions, briefs, declarations and/or exhibits in connection with Plaintiffs' motion for class certification and the parties'

*Daubert* motions. Because these motions are "more than tangentially related to the merits of [the] case," there must be "compelling reasons" for sealing documents attached thereto. *Lucas v. Breg, Inc.*, 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016).

### A. Plaintiffs' Motion to Seal: ECF No. 71

Plaintiffs seeks to file under seal portions of their motion for class certification and supporting declaration and exhibits. (ECF No. 71.)

The redacted information was designated as confidential by Defendant. (ECF No. 71 at 4.) To support the sealing request, Defendant submitted a declaration by Alexander Smith. Mr. Smith attests that several of Plaintiffs' exhibits consist of marketing, advertising and consumer research that Defendant has conducted in connection with its products. ("Smith Decl.," ECF No. 72-1, ¶¶ 2, 4, 6.) This research provides Defendant with a competitive advantage in the marketplace. (*Id.* ¶¶ 3, 6.) Further, Defendant claims that two excerpts of depositions should be redacted because the transcripts refer to the information in the exhibits. (*Id.* ¶ 7.)

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 269(c)(1)(G)); *see also Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and

1  marketing development").

2      The Court finds compelling reasons to seal the marketing, advertising and
3  consumer research identified in paragraphs 2, 3, 4, and 6 of the Smith Declaration.
4  Further, any portions of the depositions of Marion Saenen Delgutte and Sandra
5  Morreale that refer to these exhibits may be sealed. (*See* Smith Decl. ¶ 7.)[1]

6      Plaintiffs also provide that the Declaration of Colin B. Weir "contains unit and
7  dollar sales information Plaintiffs received from third party marketing research
8  company IRI, which IRI designated 'HIGHLY CONFIDENTIAL AEO [Attorneys'
9  Eyes Only],' as well as damages figures calculated using that IRI data." (ECF N. 71,
10 at 5.) Plaintiffs state that disclosure of this information would harm IRI "by
11 providing for free what IRI has expended resources collecting and charges its clients
12 for" and would put it at a competitive disadvantage. *Id.* The Court finds compelling
13 reasons to seal this information.

14     The Court **GRANTS** Plaintiff's Motion.

15     **B.**     <u>**Defendant's Motion to Seal: ECF No. 84**</u>

16     Defendant seeks to file under seal portions of its opposition to Plaintiff's
17 motion for class certification, its motion to exclude expert testimony, and various
18 supporting exhibits. (ECF No. 84.)

19     Defendant seeks to seal exhibits 1-10, 12-18, and 23-29 because they "consist
20 of or refer to internal marketing, product, advertising, and consumer research that
21 MDLZ has conducted, commissioned, or purchased in connection with the belVita
22 products challenged in this lawsuit, as well internal scientific research that MDLZ
23 has conducted to substantiate the "4 Hours of Nutritious Steady Energy' claim

---

[1] Defendant also references one exhibit, MDLZ-00035886 which is an excerpt from a report licensed from a marketing research company. Defendant seeks to seal this document solely because its license with the company "require that the document be kept confidential and not be disclosed to the public." (Smith Decl. ¶ 5.) Simply because another company seeks to keep the information confidential does not mean there are compelling reasons for this Court to seal the document. However, because the Court assumes the report also contains marketing research data that provides Defendant with a competitive advantage, it allows the document to be sealed.

challenged in this lawsuit." (ECF No. 104, at 2.) The Court finds compelling reasons to seal these exhibits because Defendant's marketing and research information gives Defendant a competitive advantage. The Court also seals portions of Defendant's expert reports, opposition brief, and motion that quote from and incorporate these documents. (*Id.* at 3–4.) The Court also seals the portions of the reports that contain market research data by IRI. (*Id.*) *See Algarin v. Maybelline, LLC*, No. 12-3000, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (granting L'Oreal's motion to seal where "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices and circumvent the time and resources necessary in developing their own practices and strategies").

The Court **GRANTS** Defendant's Motion to Seal.

### C. <u>Plaintiffs' Motion to Seal: ECF No. 103</u>

Plaintiffs seek to file under seal Exhibits 1–3 and 8, as well as portions of their reply brief, two motions to strike, and their opposition brief that cite those exhibits. (ECF No. 103.) Plaintiffs state they seek to seal the information because Defendant designed the information as confidential. Defendant then filed a declaration by Mr. Smith stating Defendant has no objection to the public disclosure of the deposition transcripts of Ronald Wilcox (Exhibit 1), Itamar Simonson (Exhibit 2), and Daniel McFadden (Exhibit 3). Defendant further "does not seek to seal any of the information Plaintiffs have redacted from their motion to strike the expert testimony of Dr. Itamar Simonson (ECF No. 97-1) or their motion to strike the expert testimony of Drs. Ronald Wilcox and Daniel McFadden (ECF No. 96-1)." (ECF No. 107, ¶ 2.)

Defendant provides that portions of Exhibit 8 as well as the redacted portions of Paragraph 9 of the Omnibus Declaration of Paul Joseph "refer to internal scientific or nutritional research that MDLZ has conducted in connection with the challenged 'Steady Energy' claims in this case, including research designed to substantiate those claims." (*Id.* ¶ 3.) Plaintiffs' reply brief and opposition references this research

information. (*Id.* ¶ 4.) The Court finds compelling reasons to seal this information which Defendant has provided to be confidential research information.

Because Defendant does not seek to seal some of the information presented in Plaintiffs; motion to seal, the Court **GRANTS IN PART** Plaintiff's motion. Plaintiff must file Exhibits 1 through 3 on the public docket. Further, because Plaintiff has filed redacted versions of two motions (ECF Nos. 96-1, 97-1) and Defendant does not seek to seal any of the material in the motions, Plaintiff is to file public, unredacted versions of the motions.

**IT IS SO ORDERED.**

**DATED: January 24, 2020**

Hon. Cynthia Bashant
United States District Judge