# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCMORROW, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 17-cv-2327-BAS-JLB<br><br>**ORDER:**<br>(1) **GRANTING PLAINTIFFS' MOTION TO SEAL (ECF No. 138);**<br><br>(2) **GRANTING DEFENDANT'S MOTION TO SEAL (ECF No. 144); AND**<br><br>(3) **GRANTING PLAINTIFFS' MOTION TO SEAL (ECF No. 158).** |

Pending before the Court are the parties' motions to file documents under seal. (ECF Nos. 138, 144, 158.) The Court **GRANTS** the motions.

## I. BACKGROUND

Plaintiffs filed the present action against Mondelēz Global LLC ("MDLZ"), alleging that certain claims on MDLZ's product packaging are misleading. (Second Amended Complaint, "SAC," ECF No. 24, ¶ 114.) Plaintiffs moved to certify class, which the Court denied without prejudice. (ECF Nos. 70, 126.) In the process, the

1   Court allowed the parties to file under seal certain related documents. (Sealing
2   Order, ECF No. 115.)
3         Plaintiffs renewed their motion for class certification. (ECF No. 137.) The
4   parties each filed *Daubert* motions to strike the expert testimonies filed in support
5   of, or opposition to, class certification. (ECF Nos. 147, 148, 151, 158.) The parties
6   now move to file under seal portions of motions, briefs, declarations, and/or exhibits
7   filed in connection with Plaintiffs' renewed motion for class certification and the
8   parties' *Daubert* motions. (ECF Nos. 138, 144, 158.) The parties' motions to seal
9   are suitable for determination on the papers submitted and without oral argument.
10  *See* Civ. L.R. 7.1(d)(1).

## II.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to

1  the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the
2  underlying motion does not surpass the tangential relevance threshold, the "good
3  cause" standard applies. *Id.*

4      "In general, 'compelling reasons' sufficient to outweigh the public's interest
5  in disclosure and justify sealing court records exists when such 'court files might
6  have become a vehicle for improper purposes,' such as the use of records to gratify
7  private spite, promote public scandal, circulate libelous statements, or release trade
8  secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However,
9  "[t]he mere fact that the production of records may lead to a litigant's embarrassment,
10 incrimination, or exposure to further litigation will not, without more, compel the
11 court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal
12 documents is "one best left to the sound discretion of the trial court" upon
13 consideration of "the relevant facts and circumstances of the particular case." *Nixon*,
14 435 U.S. at 599.

15

16 **III.   ANALYSIS**

17     The parties move to seal portions of motions, briefs, declarations and/or
18 exhibits in connection with Plaintiffs' renewed motion for class certification and the
19 parties' *Daubert* motions. A motion for class certification is "more than tangentially
20 related to the merits of [the] case," and therefore "compelling reasons" must be
21 shown to seal the documents attached thereto. *See Krommenhock v. Post Foods,*
22 *LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020) (applying the "compelling reasons"
23 standard to class certification motion). Because the *Daubert* motions at issue are
24 closely associated with the class certification motion, the Court will apply the
25 "compelling reasons" standard to the motions to seal documents relevant to the
26 *Daubert* motions. *Cf. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*,
27 686 F.3d 1115, 1120–21 (9th Cir. 2012) (applying "compelling reasons" standard to
28 *Daubert* motions closely associated with the merits of a dispositive motion).

### A. Plaintiffs' Motion to Seal: ECF No. 138

Plaintiffs move to file under seal portions of their renewed motion for class certification and supporting declaration and exhibits. (Pls.' Mot. to Seal, ECF No. 138.) Plaintiffs first seek to seal financial data purchased from a third-party marketing research company, IRI, which Plaintiffs' expert witness, Colin B. Weir, discusses in his declaration filed in support of Plaintiffs' renewed motion for class certification. (Weir Decl., ECF No. 137-3.) Plaintiffs state that Weir's declaration "contains unit and dollar sales information Plaintiffs received from third party marketing research company IRI, which IRI designated 'HIGHLY CONFIDENTIAL AEO [Attorneys' Eyes Only],' as well as damages figures calculated using that IRI data." (Pls.' Mot. to Seal at 4; Persinger Decl. ¶ 5, ECF No. 138-1.) Plaintiffs argue that disclosure of this information would harm IRI "by providing for free what IRI has expended resources collecting and charges its clients for" and would put it at a competitive disadvantage. (Pls.' Mot. to Seal at 5; Persinger Decl. ¶ 5.) In a previous sealing order, the Court has allowed Plaintiffs to file under seal the same information from IRI. (Sealing Order at 4, ECF No. 115.) For the same reasons discussed in that Order, the Court finds compelling reasons to seal this information.

Plaintiffs also seek to seal Exhibits 1–2 to the Declaration of Paul K. Joseph in Support of Plaintiffs' renewed motion for class certification. These documents, marked as MDLZ-00061486 and MDLZ-00086676, are Defendant's marketing, advertising, and consumer research that Defendant has conducted in connection with the products at issue. In the previous sealing order, this Court allowed sealing Exhibit 1, MDLZ-00061486, finding that the research provided Defendant with a competitive advantage in the marketplace. (Sealing Order at 3–4, ECF No. 115.) The same compelling reasons support sealing Exhibit 2, MDLZ-00086676, which is Defendant's internal report summarizing research on marketing, advertising, and consumer behavior relevant to Defendant's products. The Court finds compelling

reasons to seal Exhibits 1–2 to the Declaration of Paul K. Joseph, marked as MDLZ-00061486 and MDLZ-00086676. The Court also seals portions of Plaintiffs' renewed motion for class certification that quote from and incorporate these documents.

The Court **GRANTS** Plaintiff's motion (ECF No. 138) in full.

### B.  Defendant's Motion to Seal:  ECF No. 144

Defendant seeks to file under seal portions of its opposition to Plaintiffs' renewed motion for class certification, its motion to exclude expert testimony, and various supporting exhibits. (ECF No. 144.) The exhibits Defendant seeks to seal are exhibits 16–20 to the Omnibus Declaration of Kate Spelman, which are a subset of the documents that this Court previous ordered to be maintained under seal. (Sealing Order at 4–5, ECF No. 115.) In that Order, the Court found that the exhibits at issue constitute information that gives Defendant a competitive advantage. (*Id.* at 5.) Because Defendant's present sealing request merely seeks to maintain the same documents under seal, the Court **GRANTS** Defendant's motion (ECF No. 144) in full.

### C.  Plaintiffs' Motion to Seal: ECF No. 158

Plaintiffs first seek to file under seal Exhibit 12 to the Fitzgerald Omnibus Declaration. Exhibit 12 is an internal MDLZ document, which "references internal marketing and consumer research that MDLZ conducted or commissioned in connection with the belVita products and/or statements challenged in this lawsuit." (Smith Decl., ECF No. 158-1 ¶ 2.) The Court's review of Exhibit 12 confirms that it constitutes internal marketing research that gives MDLZ a competitive advantage. The Court thus finds compelling reasons to maintain Exhibit 12 under seal.

Plaintiffs also seek to file under seal an unredacted copy of their reply brief in support of the motion for class certification. The reply brief redacts discussions

about the documents that this Court sealed in a previous Sealing Order. Because compelling reasons support maintaining the underlying information under seal, the Court will also allow sealing the portions of the reply brief that refers to the sealed information.

Finally, Plaintiffs seek to file under seal their unredacted opposition to MDLZ's second motion to exclude the testimony of Plaintiffs' expert witness, J. Michael Dennis. Plaintiffs have filed a redacted copy of the opposition brief, withholding from the public discussions of the contents of Exhibit 12 and a document marked MDLZ-64024, for which this Court has already found compelling reasons to maintain under seal. (*See supra* Part III.B.) Because the Court has found compelling reasons to seal the underlying information, the Court will allow Plaintiffs to maintain under seal the portions of the opposition brief discussing that information.

The Court **GRANTS** Plaintiffs' motion (ECF No. 158) in full.

## IV.   CONCLUSION

The Court **GRANTS** the parties' motions to file documents under seal (ECF Nos. 138, 144, 158). The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the requested documents (ECF Nos. 139, 145, 167).

**IT IS SO ORDERED.**

**DATED: February 10, 2021**

Hon. Cynthia Bashant
United States District Judge