# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCMORROW, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MONDELĒZ INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 17-cv-02327-BAS-JLB<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION TO STAY PENDING DISPOSITION OF RULE 23(f) PETITION (ECF No. 178)** |

On March 8, 2021, the Court granted Plaintiffs' motion for class certification. (Order, ECF No. 172.) Defendant Mondelēz Global LLC (MDLZ) petitioned the Ninth Circuit for permission to appeal the class certification under Federal Rule of Civil Procedure 23(f). *McMorrow v. Mondelez International, Inc.*, No. 21-80019 (9th Cir.), Pet. for Permission to Appeal under Fed. R. Civ. P. 23(f), ECF No. 1. MDLZ argues that the Court erred in ruling that (1) Plaintiffs' conjoint analysis sets forth a class-wide damages model in satisfaction of *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013); and (2) the falsity of the term "nutritious" is susceptible to common proof. *Id.*

MDLZ now moves the Court *ex parte* for a stay of the proceedings pending the Ninth Circuit's resolution of its interlocutory appeal. (Mot. to Stay ("Mot."), ECF No. 178.) Plaintiffs oppose. (Resp. in Opp'n, ECF No. 180.) The Court finds the motion suitable for

determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** MDLZ's motion to stay.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 23(f) provides a mechanism for interlocutory appeal of a court's order granting or denying class certification. Such appeals do "not stay proceedings in the district court unless the district court or the court of appeals so orders." Fed. R. Civ. P. 23(f). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The decision of whether to grant a stay is an "exercise of judicial discretion" and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* A court balances four factors in determining how to exercise its discretion: (1) whether the movant is likely to succeed on the merits; (2) whether the movant is likely to suffer irreparable harm in the absence of a stay; (3) whether the issuance of the stay would not substantially harm the non-moving party; and (4) whether a stay will serve the public interest. *Rainbow Bus. Sols. v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2014 WL 1783945, at *1 (N.D. Cal. May 5, 2014). The first two factors of the standard "are the most critical." *Id.*

These four factors should be examined on a flexible "continuum," which is "essentially the same as the 'sliding scale' approach" applied to requests for preliminary injunctions. *Leiva–Perez v. Holder*, 640 F.3d 962, 964–66 (9th Cir. 2011). Under this approach, "the elements . . . are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 964.

## III.  ANALYSIS

### A.  Likelihood of Success on the Merits / Serious Legal Questions

The first prong of the stay analysis requires the Court to determine whether Plaintiffs have demonstrated a likelihood of success on the merits. *Leiva–Perez*, 640 F.3d at 966. A party moving to stay the proceedings pending the resolution of a Rule 23(f) petition need

not demonstrate that it is more likely than not that it will win on the merits. *Id.* Instead "serious legal questions" raised in the petition can satisfy this first prong. *Id.* at 967–68. When relying on "serious legal questions," the movant must not only show that a serious legal question exists, but also that the hardship balance tips sharply towards the movant. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011); *see Leiva–Perez,* 640 F.3d at 966 (applying the "serious questions" approach to a stay).

Here, MDLZ argues that its Rule 23(f) petition raises two serious legal questions: (1) whether Plaintiffs' conjoint analysis "can measure price premium damages and therefore satisfy Plaintiffs' burden of proving a class-wide damages model consistent with their theory of liability, as required under *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013)"; and (2) whether "the claim that belVita biscuits are 'nutritious' is subject to common proof, or whether the healthiness of a given product cannot be assessed in isolation from a consumer's diet as a whole." (Mot. at 3–4, ECF No. 178.) For the following reasons, the Court finds that these issues do not qualify as a serious legal question required of a stay pending appeal.

### 1. Whether the Conjoint Analysis Satisfies the *Comcast* Standard for Damages

MDLZ argues that the first issue presents a serious legal issue, citing several nonbinding cases including the unpublished opinion in *Zakaria v. Gerber Prod. Co.*, 755 F. App'x 623, 624 (9th Cir. 2018), in which the Ninth Circuit affirmed the trial court's rejection of a damages model based on conjoint analysis. As the Court explained at length in the March 8, 2021 Order,[1] Plaintiffs' damages model satisfies the standard to test conjoint analysis for establishing price premium damages set out in *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084 (N.D. Cal. 2018). Namely, Plaintiffs' damages model uses actual market prices and quantity of products sold during the relevant period, whereas

---

[1] (Order at 7–8, 25–27, ECF No. 172.)

- 3 -

17cv2327

the conjoint analysis rejected in *Zakaria* relied only on hypothetical data. MDLZ has not shown that a serious legal question calls into doubt the Court's earlier conclusion finding Plaintiffs' damages model suitable under *Comcast*, 569 U.S. at 35.

To the extent that MDLZ argues its challenge to Plaintiffs' damages model is likely to succeed on appeal, the Court is not persuaded. The Ninth Circuit abides by "the premise that Rule 23(f) review should be a rare occurrence." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 955 (9th Cir. 2005). To justify review, the court must find "the presence of a death knell situation for either party absent review"; "the presence of an unsettled and fundamental issue of law related to class actions"; and "manifest error in the district court's certification decision." Tellingly, the Ninth Circuit has already denied a Rule 23(f) petition in a mislabeling case raising a similar challenge to the price premium damages model using conjoint analysis. *See Krommenhock v. Post Foods, LLC*, No. 20-80083 (9th Cir. Jul. 21, 2020), Order, ECF No. 5.[2] *Id.* The Court is not persuaded that the Ninth Circuit would reach a different conclusion in this case.

In sum, MDLZ has not presented a serious question of law nor shown that it will succeed on the merits as to whether Plaintiffs' damages model satisfies *Comcast*.

### 2. Whether the "Nutritious" Claim is Subject to Common Proof

MDLZ argues that the claim that its belVita biscuits are nutritious is not subject to common proof, raising substantially the same arguments this Court rejected in certifying the class. The Court rejected MDLZ's argument because, under the objective standard governing the class claims at issue, the question of whether MDLZ's product labeling could have been materially misleading to a reasonable consumer "will not require the court to investigate class members." (Order at 23–24 (citing *Hadley*, 324 F. Supp. 3d at 1115), ECF No. 172.) MDLZ challenges the Court's ruling, relying on certain unreported decisions by several district courts finding that healthfulness of sugary products is not

---

[2] For the relevant arguments raised in the rejected petition see Pet. for Permission to Appeal at 20–21, ECF No. 1.

subject to class-wide proof. These cases are not binding, and a mere disagreement with a court's finding or holding "does not establish a serious legal question." *See Adams v. Postmates, Inc.*, No. 19-3042 SBA, 2020 WL 1066980, at *4 (N.D. Cal. Mar. 5, 2020) (declining to stay the action pending a Rule 23(f) appeal of the class certification). The Court does not find that MDLZ is likely to prevail on this issue on appeal, for the same reasons based on which the Court granted Plaintiffs' class certification motion. (*See* Order at 23–24, ECF No. 172.)

Therefore, the first factor—whether MDLZ is likely to succeed on the merits—weighs against a stay.

### B. Irreparable Harm / Balance of Hardships

The second and third prongs of the stay analysis require the Court to consider, respectively, the likelihood of irreparable harm to MDLZ if the Court denies a stay, and injury to Plaintiffs should the Court grant a stay. To the extent that MDLZ relies on a "serious legal question" to satisfy the first prong of the stay analysis, MDLZ must show that the balance of harm tips sharply in its favor. *Cottrell*, 632 F.3d at 1132. Therefore, the Court will consider the second and third prongs together.

MDLZ argues that the costs and time to litigate this action constitute irreparable harm. "The cost of pretrial litigation may amount to irreparable harm if it is substantial, unrecoverable and wasteful but also may not be irreparable harm if pretrial litigation costs are inevitable regardless of the results of the appeal, manageable, or 'avoidable by tailored procedures.'" *Victorino v. FCA US LLC*, No. 16CV1617-GPC(JLB), 2018 WL 3438773, at *2 (S.D. Cal. July 17, 2018) (citing *Pena v. Taylor Farms Pacific, Inc.*, No. 13cv1282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015)). Here, the pretrial litigation costs that MDLZ seeks to avoid would not be wasteful, given the low likelihood that MDLZ will prevail on appeal. *See supra* Part II.A. Besides, even if the Ninth Circuit were to grant MDLZ's Rule 23(f) petition and reverse the class certification in MDLZ's favor, some discovery would still be necessary to litigate Plaintiffs' individual claims for damages

and injunction. *Cf. Mauss v. NuVasive, Inc.*, No. 13CV2005 JM (JLB), 2017 WL 4838826, at *1 (S.D. Cal. Apr. 27, 2017) ("While individual damages are certainly less than class-wide damages, Defendants simply fail to explain how a denial of class certification will eliminate the necessity for discovery on Plaintiffs' individual claims.").

On the other hand, the delay in the proceedings that would result from a stay would burden Plaintiffs. The Ninth Circuit has not accepted MDLZ's Petition, and there is no indication that it will accept it soon. Staying the action without knowing when the stay will be lifted would be unfair to Plaintiffs, in this action that is already more than three years old. *See Mauss,* 2017 WL 4838826, at *1 (finding that "[t]he minimal harm identified by [the defendant] [did] not support a stay of the action, particularly where a stay would further delay resolution of [the] [p]laintiffs' nearly four-year quest for relief").

In sum, the Court is not persuaded that the balance of harm tips sharply in MDLZ's favor. Thus, the second and third factors weigh against staying this action.

### C. Public Interest

Finally, this case has been pending since 2017, and the public has an interest in the efficient prosecution of consumer laws. The Court finds that public interests disfavor granting a stay of this action.

### IV. CONCLUSION

The Court finds that a stay of this action is not in the interests of justice. Defendant's motion to stay (ECF No. 178) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 5, 2021**

Hon. Cynthia Bashant
United States District Judge