1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

PATRICK MCMORROW, *et al.*,

12

Plaintiffs,

13

v.

14

MONDELEZ INTERNATIONAL, INC.,

15

Defendant.

16
17
18
19
20
21
22

Case No. 17-cv-02327-BAS-JLB

**ORDER:**

**(1) GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; AND**

**(2) SETTING FINAL APPROVAL HEARING FOR FEBRUARY 28, 2022, AT 3:00 p.m.**

**(ECF No. 196)**

23    Plaintiffs Patrick McMorrow, Marco Ohli, and Melody DiGregorio brought this

24  class action against Defendant Mondelez International, Inc., alleging that Mondelz labeled

25  the belVita breakfast biscuits as "nutritious," despite the biscuits' high added sugar content.

26  (Compl., ECF No. 1.)  Plaintiffs now move unopposed, pursuant to Federal Rule of Civil

27  Procedure 23(e), for preliminary approval of a settlement reached between the parties and

28  for certification of a settlement class.  (Mot., ECF No. 196.)  The Court finds this motion

1  suitable for determination on the papers submitted and without oral argument.  *See* Fed. R.

2  Civ. P. 78(b); Civ. L.R. 7.1(d)(1).  Having read and considered the Settlement Agreement,

3  Plaintiffs' Motion, and the arguments of counsel, the Court **GRANTS** Plaintiffs' motion

4  for preliminary approval of class action settlement.

5  　　　The Court hereby finds and orders as follows:

6  　　　1. Settlement Terms.  All capitalized terms herein have the same meanings ascribed

7  to them in the Settlement Agreement (ECF No. 196-2).

8  　　　2. Jurisdiction.  The Court has jurisdiction over the subject matter of the action and

9  over all parties to the action, including all members of the Settlement Class.

10  　　　3. Preliminary Approval of Proposed Settlement Agreement.  The Court finds that,

11  subject to the Final Approval hearing, the proposed Settlement Agreement is fair,

12  reasonable, adequate, and within the range of possible approval considering the possible

13  damages at issue and defenses to overcome.  The Court also finds that the Settlement

14  Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations,

15  involving experienced counsel familiar with the legal and factual issues of this case and

16  made with the assistance and mediation services, Hon. Charles W. McCoy, Jr. (Ret.); and

17  (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23,

18  and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Therefore, the Court

19  grants preliminary approval of the Settlement.

20  　　　4. Class Certification for Settlement Purposes Only.  The Court conditionally

21  certifies, for settlement purposes only, a Settlement Class defined as all persons who,

22  between November 16, 2013, and November 17, 2021 (the "Class Period"), purchased in

23  the United States, for household use and not for resale or distribution, any of the Class

24  Products which include Mondelez's belVita Crunchy Biscuits, Soft Baked Biscuits, Bites,

25  and Sandwiches Breakfast products (the "Class Products").

26  　　　5. The Court finds, for settlement purposes only, that class certification under

27  Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because

28  (a) the Settlement Class Members are so numerous that joinder of all Settlement Class

Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Class Representatives.  The Court appoints Plaintiffs Patrick McMorrow, Marco Ohlin, and Melody DiGregorio as Class Representatives.

7. Class Counsel.  The Court appoints Fitzgerald Joseph LLP as Class Counsel.

8. Settlement Class Administrator.  The Court hereby approves Postlethwaite & Netterville ("P&N") to act as Class Administrator.  P&N shall be required to perform all the duties of the Class Administrator as set forth in the Agreement and this Order.

9. Qualified Settlement Fund.  P&N is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986.  All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Settlement Fund.  Interest on the Settlement Fund shall inure to the benefit of the Class.

10. Class Notice.  The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1,[1] the short form attached to the Settlement Agreement as Exhibit 2,[2] and the other forms of notice submitted with Plaintiffs' Motion for Preliminary Approval.  The Court finds that dissemination of the

---

[1] (ECF No. 196-2 at 21–31)
[2] (ECF No. 196-2 at 32–33)

17cv2327

Class Notice as proposed in the Settlement Agreement and in P&N's Notice Plan as set forth in the Declaration of Brandon Schwartz[3] meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances.  Accordingly, the Court hereby approves the Notice Plan.

11. Objection and Exclusion Deadline.  Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline of January 19, 2022. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

12. Exclusion from the Settlement Class. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and submit online at the Settlement Website by the Exclusion Deadline, or send a compliant request to the Class Administrator at the address designated in the Class Notice, postmarked by the Exclusion Deadline. No Request for Exclusion may be made on behalf of a group of Settlement Class Members.

13. All Settlement Class Members who submit a timely, valid Request for Exclusion will be excluded from the Settlement and will not be bound by the terms of the Settlement Agreement and any determinations and judgments concerning it.  All Settlement Class Members who do not submit a valid Request for Exclusion by January 19, 2022, in accordance with the terms set forth in the Agreement, will be bound by all determinations and judgments concerning the Agreement.

14. Objections to the Settlement.  To object to the Settlement, Settlement Class Members should follow the directions in the Notice and file with the Court or mail to the Class Administrator a written Objection by the Objection Deadline. In the written

---

[3] (ECF No. 196-7)

17cv2327

Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address, and telephone number, or—if objecting through counsel—his or her lawyer's name, address, and telephone number, (iii) the Class Product(s) the Settlement Class Member bought during the Class Period, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any. Upon the Court's Order at the parties' request, the Parties will have the right to obtain document discovery from and take depositions of any objecting Settlement Class Member on topics relevant to the Objection.

15. If a Settlement Class Member does not submit a written Objection to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to be appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so provided the Objector satisfies the requirements of Federal Rule of Civil Procedure 23(e)(5)(A) at the Final Approval Hearing.

16. Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. Such Class Members are requested, but not required, in advance of the Final Approval Hearing, to file with the Court or mail to the Class Administrator a Notice of Intent to Appear.

17. All Members of the Settlement Class, except those who submit timely Requests for Exclusion, will be bound by all determinations and judgments regarding the Settlement, whether favorable or unfavorable to the Settlement Class.

18. Submission of Claims. To receive a Cash Award, Settlement Class Members must follow the directions in the Notice and file a claim with the Class Administrator by the Claims Deadline of January 19, 2022. Settlement Class Members who do not submit a claim will not receive a Cash Award, but will be bound by the Settlement.

17cv2327

19. Schedule of Future Events. The Court adopts the following schedule (with Day "0" being the date of this Order):

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date of Preliminary Approval Order | 0 | - |
| Deadline to commence 63-day notice period | 21 | 3 weeks |
| Deadline for Plaintiffs to file Motion for Attorney's Fees, Costs, and Incentive Awards | 49 | 7 weeks |
| Notice Completion date, and deadline to make a claim, opt out, and object | 63 | 9 weeks |
| Deadline for Plaintiffs to file Motion for Final Approval | 84 | 12 weeks |
| Final Approval Hearing | 103 | 14 weeks |

20. Final Approval Hearing. A Final Approval Hearing is scheduled for **February 28, 2022, at 3:00 p.m.**, in Courtroom 4B, for the Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

17cv2327

21. Stay of Proceedings.  All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

22. Pending the final determination of whether the Settlement should be approved, the Settlement Class Representatives and all Settlement Class Members are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.  Such injunction will remain in force until Final Approval or until such time as the Parties notify the Court that the Settlement has been terminated.  Nothing herein will prevent any Settlement Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay or dismiss any Released Claim(s).  This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who files a Request for Exclusion.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary.  In such an event, the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24. No Admission of Liability.  By entering this Order, the Court does not make any determination as to the merits of this case.  Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant.  Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will

- 7 -

17cv2327

1    not be deemed or construed to be an admission or evidence of any violation of any statute,

2    law, rule, regulation, or principle of common law or equity, or of any liability or

3    wrongdoing by Defendant, or the truth of any of the claims.  Evidence relating to the

4    Agreement will not be discoverable or used, directly or indirectly, in any way, whether in

5    this Action or in any other action or proceeding, except for purposes of demonstrating,

6    describing, implementing, or enforcing the terms and conditions of the Agreement, this

7    Order, the Final Approval Order, and the Judgment.

8          25. Retention of Jurisdiction.   The Court retains jurisdiction over the Action to

9    consider all further matters arising out of or connected with the Settlement Agreement and

10   the settlement described therein.

11         **IT IS SO ORDERED.**

12

13   **DATED: November 17, 2021**

Hon. Cynthia Bashant
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17cv2327